TILLMAN PEARSON, Judge.
Rane Gilbert Espinoza was a passenger in a car which struck and killed a bicyclist. The driver of the car did not stop. The driver was subsequently convicted and sentenced for the violation of section 317.071, Fla.Stat., F.S.A., which is the statute requiring the driver of any vehicle involved in an accident resulting in an injury or death to immediately stop such vehicle at scene of the accident.
The defendant Espinoza was informed ■against for a violation of the same statute. It being alleged that Espinoza was “willfully and knowingly aiding, abetting and assisting” the driver “the said felony to do and commit, in violation of 317.071 and 776.011, Florida Statutes.”
The appellant’s motions for directed verdict were denied, he was found guilty by a jury, adjudged guilty by the court, and sentenced. This appeal followed. We reverse upon a holding that the elements of the crime were not proved.
The State established that the deceased was struck by an automobile, driven by defendant Tower, in which Espinoza was a passenger. It was further established that at the time of the impact the automobile was going at a great rate of speed, and that immediately after the impact the automobile slowed down but did not stop. The appellant admitted to a police officer that he knew that the automobile struck something. The impact broke the windshield and damaged the automobile to some extent.
A witness established that a car with Tower and Espinoza as occupants was later stopped because of mechanical failure some 14 miles from the scene of the accident. This witness helped Tower and Espinoza push the car to try to get it started. When this was unsuccessful, the three men pushed the car to the side of the road, and the witness took Tower and Espinoza to Tower’s home.
The question presented by this appeal is whether or not the defendant Espinoza, as a passenger in the car, can be found guilty without clear evidence establishing his knowledge of the occurrence of an accident causing injury. The language of the statute, section 317.071, is as follows:
“The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident * *
It is apparent that proof of the defendant’s, passenger’s knowledge that an accident involving injury had occurred is an absolute essential of the felony described. It is altogether possible that a passenger may, by his affirmative act, aid and assist a driver in a violation under this section and become subj ect to conviction as an aider and abetter. See § 776.011, Fla.Stat., F.S.A.; People v. Steele, 100 Cal.App. 639, 280 P. 999 (1929); People v. Rallo, 119 Cal.App. 393, 6 P.2d 516 (1931); People v. Nails, 10 Ill.2d 279, 139 N.E.2d 744, 62 A.L.R.2d 1124 (1957); State v. Dutch, 246 N.C. 438, 98 S.E.2d 475 (1957). Nevertheless, it is certainly true that, in order to convict a passenger as a aider and abetter, more is needed than a suspicion or belief that under the circumstances of the case the passenger probably knew what occurred. The appellant explained that his head was resting on the back of the seat because he had been drinking and that he was looking upward so that he did not know what was hit, or that any person was involved. This explanation was unrefuted and was not shown to be unworthy of belief. Therefore, the element of knowledge of the injury was not proved. Cf., Moore v. Commonwealth, Ky.1955, 282 S.W.2d 613; Annot., 62 A.L.R.2d 1130. The adjudication of guilt as to the appellant Espinoza must be reversed.
Our decision upon the first point makes it unnecessary to determine the other points presented by the appellant.
Reversed and remanded with directions to discharge the defendant from the cause.