GRIMES, Judge.
The state appeals the dismissal of an information charging appellee with grand theft. Since our analysis depends upon the specific wording of appellee’s motion to dismiss and the state’s demurrer, these pleadings will be set forth in their entirety.
MOTION TO DISMISS (CM)
Comes now the Defendant, KIMBERLY PATLON, and files herewith her sworn Motion to Dismiss pursuant to FRCrP 3.190(C)(4) and alleges that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the Defendant, and says as follows:
1. On or about the 24th and 25th day of June, 1982, the Defendant was employed by YAKLE LUMBER as a cashier.
2. On the 24th of June, 1982, the Defendant was given custody of a cash register drawer containing $75.00 in cash.
3. At the end of the business day, on the 24th of June, 1982, the Defendant placed this cash drawer in the safe of YAKLE LUMBER; said safe being unlocked at this time, no one counted the funds in the cash register drawer which included receipts from 3:00 to 5:00 P.M. on that date.
4. On the 25th of June, 1982, when the Defendant arrived at work she removed the cash drawer from the safe at approximately 7:30 A.M. The amount of funds in the cash drawer at this time were not counted and the safe was unlocked at this time.
5. At approximately 8:15 A.M., Defendant was called into Mr. Yakle’s office and at that time placed the cash drawer back into the unlocked safe. At this time no one counted the funds in the cash drawer and the safe was again unlocked.
6. At approximately 8:30 A.M., the Defendant was placed back on duty at the cash register. At this time she removed the cash draw [sic] from the safe that was still unlocked; at this time the funds were uncounted.
7. Defendant left work for the day on the 25th of June, 1982 at approximately 10 o’clock A.M. Defendant placed the cash drawer in the unlocked safe at this time; no one other than the Defendant counted the funds in the drawer at that time. The safe again was unlocked at this time. To the best of the Defendant’s knowledge and belief, all receipts were in the cash register drawer at this time.
8. The cash drawer remained in the safe for approximately one-half hour before being checked by any other person. During this time the safe was unlocked.
9. At least seven (7) employees are allowed access to this safe.
10. At least one other employee LINDA YANCE obtained access to this safe during this period of time.
WHEREFORE, Defendant feels that the above stated facts are not in dispute and do not establish a prima facie case of guilt against the Defendant, and the Defendant prays this Honorable Court will dismiss the above styled charges against her.
DEMURRER
THE STATE OF FLORIDA, by the undersigned pursuant to CRPR 3.190(d), demurs to the Motion to Dismiss filed by the Defendant herein, and says that the facts and other matters alleged as grounds in support of the said Motion, and each and every count or part thereof, *348 are irrelevant, immaterial or not sufficient in law to constitute lawful grounds for dismissal of this cause. In particular, the State answers the allegations in the Motion to Dismiss as follows:
1. Allegation number 1 is admitted.
2. The undersigned has no knowledge as to Allegations number 2, 3, 4, 5, 6, 7, 8, and 10.
3. Allegation number 9 is denied. Additional facts the State would show
are that:
The contents of the register drawer were counted by employees of the business approximately 30 minutes after the Defendant left the business. A comparison of the register tape which the Defendant ran and the register drawer’s contents revealed a $414.00 shortage.
At approximately 8:15 a.m., the Defendant was given a one-week notice of termination approximately two hours before the discovery of the missing funds. She left work shortly thereafter, at approximately 10:00 a.m.
Prior to the discovery of the shortage, the Defendant was the only person to have custody of the cash register drawer from 7:30 a.m. to 10:00 a.m.
Prior to the Defendant’s departure from the business at 10:00 a.m., a business transaction occurred resulting in $200-300 cash being received in $50.00 and $100.00 bills. When the $414.00 shortage was discovered, there was only one $50.00 bill and no $100.00 bills in the Defendant’s register drawer.
The only persons allowed in the safe are David Duck, a 12-year employee; James Yakle, the store owner; Robert Cary, the hardware manager who independently verified the $414.00 shortage; and Ralph Hunsinger, the company’s business manager. All will testify they did not take the money.
Pursuant to the company’s business practice, no one counts money in a cashier’s drawer other than the cashier responsible for the drawer prior to 3:00 p.m.
Defendant was expected to appear for work the Monday following this incident and did not do so or call in. The Defendant had not been confronted with the theft nor did she have any reason to believe she was a suspect. She telephoned David Duck and asked him what money was missing before anybody told her money was missing.
Factual matters alleged in a motion to dismiss are admitted unless specifically denied by the state. Fla.R.Crim.P. 3.190(d). Pleading lack of knowledge does not constitute a denial because sworn denials made by a state attorney need not be based upon personal knowledge. State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975). Since the state only denied the ninth allegation, the question before us is whether appellee’s remaining allegations were such as to require dismissal of the charges against her.
Most of the appellee’s allegations relate to facts which, even if admitted, would not necessarily exonerate her. The strongest showing of her lack of guilt is provided in paragraph 7 where she states that to the best of her knowledge and belief all receipts were in the cash register drawer when she left work on June 25, 1982. Significantly, appellee never categorically denied taking any money from her employer, and the term “receipts” could be viewed as ambiguous. Yet, this might have sufficed were it not for the additional facts furnished by the state.
A proceeding on a motion to dismiss is not intended to take the place of a trial where there are facts presented by either side upon which a jury could find guilt. Even where the facts are undisputed, they may be subject to differing interpretations. In view of the allegations that appellee had custody of the cash drawer on June 25, that all other employees with access denied taking the money, and that appellee implicated herself on the telephone, the state made a case upon circumstantial evidence. Accordingly, the motion to dismiss should have been denied. See State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981), in which the court reversed the dismissal of an information charging *349 second degree murder even though the state admitted the defendant’s allegation that the victim’s death was accidental.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and LEHAN, J., concur.