445 So.2d 1119 (1984)
STATE of Florida, Appellant,
v.
Christina HRICIK, Appellee.
No. 83-1925.
District Court of Appeal of Florida, Second District.
February 29, 1984.
Jim Smith, Attorney General, Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellant.
V. John Brook, Jr., St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
The state appeals a final order granting Christina Hricik's motion to dismiss count I of an amended information. We reverse and remand.
The state charged in count I of an amended information that Hricik violated section 817.563(2), Florida Statutes (1981), in that she
did agree, consent or offer to sell to another person a certain controlled substance, to-wit: amphetamines, commonly known as speed, and did then and thereafter sell to said person another substance *1120 in lieu of said controlled substance... .
Hricik submitted a sworn motion to dismiss count I pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), stating in pertinent part therein:
2. That the facts of this case are as follows:
A. Detective K.M. Shelley and J.B. Dressback approached the Defendant in an attempt to purchase illegal drugs.
B. The meeting was set up through a confidential informant approximately November 19, 1982.
C. Detective Shelley purchased twenty (20) capsules at one dollar ($1.00) each from Defendant who said that said capsules were "speed."
D. The capsules were analyzed and the lab reported that they contained no illegal drugs.
E. At no time did the Defendant indicate that said capsules were anything other than "speed" and at no time did she indicate that the capsules were amphetamines or did she offer to sell amphetamines or any other controlled substance to the detectives.
3. There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the Defendant.
The state filed a sworn traverse/demurrer under Rule 3.190(d), asserting therein in relevant part:
2. The State explains Paragraph 2A of Defendant's Motion in that on a prior occasion Defendant approached the detectives and spoke of drugs. The meeting on the date of the offense was prearranged by the informant for the officers to buy drugs from the Defendant at the Defendant's home.
ADDITIONAL FACTORS:
The undercover officers would testify that speed, in their experience with narcotics, refers only to amphetamines. Amphetamines are controlled substances.
3. The State admits that in Defendant's Paragraph 2E of said Motion that Defendant indicated that she was selling "speed," but denies that this term did not refer to amphetamines. The Defendant said that the speed was very good, and that the detectives should only take one because they last half a day.
The trial court subsequently conducted a hearing on Hricik's motion to dismiss count I. Hricik and Hricik's brother testified that, to them, "speed" is the term for a diet tablet or capsule composed of caffeine. However, police officers Dressback and Shelley, testifying as expert witnesses in undercover narcotics operations, stated that the word "speed" refers only to amphetamines. Accepting the unequivocal testimony of Hricik and Hricik's brother that the word "speed" means a caffeine diet tablet or capsule, the court rendered a final order granting Hricik's motion to dismiss count I.
A defendant's intent is not an issue to be decided by the trial court on a Rule 3.190(c)(4) motion to dismiss. See, e.g., State v. Rogers, 386 So.2d 278 (Fla. 2d DCA 1980); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979); State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981). Instead, it is for the trier of fact to determine the defendant's state of mind by weighing the evidence and judging the credibility of the witnesses. See, e.g., Rogers; J.T.S.; Alexander. In the case at bar, the state's traverse/demurrer raised a material factual question as to whether Hricik understood the term "speed" to mean amphetamines. The testimony adduced at the hearing only served to highlight this factual dispute as to Hricik's intent. Hence, the trial court should have denied Hricik's motion to dismiss count I.
Accordingly, we reverse the order granting Hricik's motion to dismiss count I of the amended information and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
RYDER and LEHAN, JJ., concur.