463 So.2d 561 (1985)
STATE of Florida, Appellant,
v.
Clemon LEWIS, Appellee.
No. 84-1317.
District Court of Appeal of Florida, Second District.
February 15, 1985.
*562 Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellee.
GRIMES, Acting Chief Judge.
The appellee and codefendant Bryan Prather were charged with conspiracy to traffic in cocaine (count I) and delivery of cocaine (count II). Appellee moved to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion as to count I of the information, and the state appeals.
The appellee's motion to dismiss[1] alleged:
1. That Defendant Louis [sic] is charged with Delivery and Possession of Cocaine along with Conspiracy to Traffic in Cocaine.
2. That the Defendant met with the Confidential Informant and the alleged co-conspirator in the Trophy Room.
3. That the conversation in the Trophy Room between the alleged two co-conspirators is that a deal for 3 ounces of cocaine could be done.
4. On the evening of February 10, 1983 Det. Keith and Det. Alvarez entered the ABC Lounge on West Kennedy Blvd. and observed the alleged co-conspirator and the Confidential Informant seated at a table.
5. That Det. Keith and Det. Alvarez joined the alleged co-conspirator, Bryan Prather, and the Confidential Informant, Julius Isom at the table.
6. That, thereafter, the Defendant joined the four above-mentioned persons at the table.
7. That Julius Isom introduced the Defendant to Det. Keith and Det. Alvarez.
8. That the Defendant began to negotiate with Det. Keith and Det. Alvarez a proposed sale and purchase of three ounces of cocaine.
9. That the Defendant did not have any conversation with Bryan Prather concerning the sale and purchase of cocaine.
10. That the only link between the Defendant and Bryan Prather is that they have used drugs together before.
11. That there is no specific conversation between the Defendant and Bryan Prather that can be shown by the evidence.
The state traversed the motion and alleged the following additional facts:
1. That defendant did have conversations with co-conspirator Bryan Prather and the confidential informant regarding the sale and purchase of three ounces of cocaine at the Trophy Room Lounge at West Kennedy Boulevard, where co-conspirator Bryan Prather stated that he didn't think getting the cocaine would be a problem as far as he was concerned, and Clemon Lewis interceeded [sic] and discussed the terms of the deal.
2. That co-conspirator Bryan Prather and the confidential informant met with Detective Keith at the ABC Lounge on West Kennedy Boulevard and discussed the purchase of three ounces of cocaine, Prather stating "I can get all the stuff you want. My man just got a pound and a half." Emphasis added.
3. That defendant did have conversations with co-conspirator Bryan Prather, the confidential informant, and Detective Keith in the presence of Detective Alvarez *563 at the ABC Lounge on West Kennedy concerning the purchase of five ounces of cocaine, Prather stating, "Sure we'll get it and we'll bring it back here for you to look at it. If you like it, we'll do the deal in the parking lot."
4. At that time the defendant Lewis was introduced to undercover detectives, and said to them, "before we do the deal we want you to buy a sample, quarter ounce, first to make sure you like it." Then, defendant said he would take the confidential informant and pick up the cociane [sic] from a man named Eddie. Upon his return, a delivery of a small amount of cocaine was made to Detective Keith by the defendant through the confidential informant.
5. At that time both he and Bryan Prather engaged in discussions with undercover detectives as to how the trafficking deal would be consumated [sic] including the taking of Detective Keith by Clemon Lewis and of Detective Alvarez by Bryan Prather as security in case something went wrong with the deal. More specifically, as the defendant Lewis was explaining how the deal was to be completed, co-conspirator Bryan Prather kept interjecting, saying that it would be alright, "everythings [sic] cool; do the deal; its [sic] good stuff."
6. That it was apparent through his actions that Prather wanted the deal to go down because he was going to make some money out of the deal.
7. That it is clear from the evidence that the defendant, Clemon Lewis, did agree or conspire by word and act to commit the object of trafficking in cociane [sic] with Bryan Prather and other diverse persons.
At the hearing on the motion, defense counsel argued that the state had failed to show a conspiracy between appellee and co-conspirator Prather except through the impermissible hearsay testimony of Prather. Defense counsel further submitted that since the evidence relied upon by the state was entirely circumstantial, there existed a reasonable hypothesis of innocence. The assistant state attorney contended that the submissions set forth in the traverse were sufficient to prove appellee's participation in the conspiracy. The assistant state attorney also contended that appellee's participation in the conspiracy could be shown independently by appellee's admissions against interest made to the confidential informant.
In a criminal case, a motion to dismiss should be granted only where the most favorable construction to the state would not establish a prima facie case of guilt. State v. Davis, 243 So.2d 587 (Fla. 1971). In considering a (c)(4) motion the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses in determining whether there exists a genuine issue of material fact. State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980). If material factual allegations of a (c)(4) motion are denied or disputed in the traverse, denial of the motion to dismiss is mandatory. Fla.R.Crim.P. 3.190(d); State v. Cook, 354 So.2d 909 (Fla. 2d DCA), cert. dismissed, 359 So.2d 1212 (Fla. 1978).
In the case at bar, the state's traverse clearly placed material facts in dispute. The traverse specifically alleged that both Bryan Prather and the appellee were present at the ABC Lounge and that both were actively involved in the conversation with the undercover detectives and with each other concerning the sale and delivery of cocaine. These allegations, standing alone, were sufficient to create a jury question as to whether a conspiracy existed.
Defense counsel's argument concerning the inadmissibility of co-conspirator Prather's testimony was inapplicable to the factual circumstances of the case at hand. This case does not involve a situation where the introduction of a co-conspirator's hearsay statements was necessary in order to prove the defendant's participation in a conspiracy. See § 90.803(18)(e), Fla. Stat. (1983). Here, the evidence of appellee's guilt was direct. The detectives and the confidential informant were capable of testifying as to the actual statements made by *564 each co-defendant which implicated them personally in the overall conspiracy.
Since the facts alleged in the state's traverse were sufficient to prove a prima facie case of conspiracy against the appellee, the trial court erred in granting appellee's motion to dismiss. Accordingly, we reverse the order of dismissal and remand with directions to reinstate count I of the information.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] The motion to dismiss which set forth numerous facts was sworn to only by appellee's attorney. The motion should have been dismissed for this reason without regard to its substantive merits. State v. Bethea, 409 So.2d 1139 (Fla. 2d DCA 1982). However, the state was not entirely blameless. The oath signed by the state attorney on the traverse followed the certificate of service, thereby leaving the impression that it only referred to the propriety of service upon opposing counsel. See State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975).