488 So.2d 878 (1986)
STATE of Florida, Appellant,
v.
Ronald James MILTON, Appellee.
No. BG-113.
District Court of Appeal of Florida, First District.
May 14, 1986.
Rehearing Denied June 16, 1986.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender, and Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a final order entered pursuant to a Rule 3.190(c)(4), Florida Rules of Criminal Procedure, motion in which the trial court dismissed the indictment charging defendant with first degree murder. We reverse.
Defendant was charged by indictment with first degree murder. At trial, the defendant moved for a judgment of acquittal at the close of the State's evidence and at the close of all of the evidence. The trial court denied both motions. However, the jury was unable to render a verdict; thus, the trial court declared a mistrial.
Three months later, pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure,[1] the defendant moved to dismiss the indictment, alleging that there was no material dispute of facts and that the evidence was legally insufficient to overcome defendant's presumption of innocence. The State supplemented the facts alleged in the motion with trial transcripts and exhibits.
The court dismissed the indictment, stating:
[I]t is the court's opinion, from the facts and evidence adduced at the trial of this cause, that the same are legally insufficient to convict the Defendant herein of first degree murder. The undisputed *879 facts indicate that the victim in this case was the aggressor who attacked Defendant on a public street with an object and that the Defendant stabbed the victim while engaged in the defense of himself. There is some evidence that following such initial attack, the victim retreated into his yard and that the Defendant followed the victim and there fatally stabbed the victim. The body of the victim was found in or near the public street where the initial attack by the victim took place.
Accordingly, the Court is of the opinion that the evidence adduced at the trial of this cause was legally insufficient whereby any person could reasonably conclude that the Defendant killed the victim with premeditation after consciously deciding to effect the death of the victim.
The trial court erred in dismissing the indictment. Under Rule 3.190(c)(4), the trial judge must look only to the prima facie sufficiency of the alleged facts; the trial judge may not evaluate the evidence. See State v. Sheppard, 401 So.2d 944, 945 (Fla. 5th DCA 1981). Additionally, in State v. Hricik, 445 So.2d 1119, 1120 (Fla. 2d DCA 1984), the court held:
A defendant's intent is not an issue to be decided by the trial court on a Rule 3.190(c)(4) motion to dismiss. See, e.g., State v. Rogers, 386 So.2d 278 (Fla. 2d DCA 1980); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979); State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981). Instead, it is for the trier of fact to determine the defendant's state of mind by weighing the evidence and judging the credibility of the witnesses... .
In this case, it is improper for the trial judge to consider the issues of "self-defense" and "premeditation" in the (c)(4) motion to dismiss. Both of these questions are for the jury, not the judge, to decide.
Accordingly, we reverse the order granting Milton's motion to dismiss and remand for further proceedings consistent with this opinion.
BOOTH, C.J., SHIVERS and NIMMONS, JJ., concur.
NOTES
[1] Rule 3.190(c)(4), Florida Rules of Criminal Procedure states:

(c) Time for Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
....
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.