PER CURIAM.
After being charged by information with second degree murder, appellee Castellan filed a sworn motion to dismiss. The gist of the motion was that the victim’s death was an accident, resulting from a struggle involving appellee, the victim, and the woman over whom the two men were fighting. As all three had possession of a pocketknife at some point in the altercation, it was unclear how or when the victim was stabbed. The state responded by filing a traverse which set forth, “The State neither admits nor denies the facts as alleged by the Defendant .... ” Although the state did deny a minor fact alleged by appellee, the traverse essentially contained a recitation of additional facts most of which were circumstantial. After a hearing the trial court determined that the state had failed to traverse material allegations, and granted the motion to dismiss.
We affirm. Florida Rule of Criminal Procedure 3.190(d) provides:
(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such *669 traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State filed a traverse which with specificity denied under oath the material fact or facts alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
If the state filed a traverse as required by the rule, a trial court has no choice but to deny a motion to dismiss. As we held in State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA 1982), it is not necessary for the state to present additional facts consistent with guilt. The state need only deny with specificity the material facts alleged in the motion. Here, the state simply did not meet this minimum requirement as evidenced by the state’s refusal to deny the facts alleged by appellee. The additional facts alleged by the state only highlighted the weakness of the state’s case, and were actually consistent with appellee’s version. Even resolving all inferences against appel-lee, the state did not establish a prima facie case of guilt. See State v. Hunwick, 446 So.2d 214 (Fla. 4th DCA 1984).
AFFIRMED.
HERSEY, C.J., and DELL, J., concur.
GLICKSTEIN, J., concurs specially with opinion.