# STATE OF FLORIDA v FIRTELL

## Case No. 85-103 AC10

Seventeenth Judicial Circuit, Broward County

August 12, 1986

### APPEARANCES OF COUNSEL

**James P. McLane,** Assistant State Attorney, for appellant.

**David Vinikoor** for appellee Roberta Firtell.

**Paul Stark** for appellee David Firtell.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

## A. FACTS

Each Defendant/Appellee was charged by separate information filed on May 28, 1985, with three (3) counts of knowingly permitting a telephone under their control to be used contrary to Section 365.16(2), Florida Statutes. Appellees filed Sworn Motions to Dismiss the Information and Appellant filed Traverses. County Court Judge William Herring granted Appellee's Sworn Motions to Dismiss on September 9, 1986. On September 24, 1985, the Appellant filed timely Notices of Appeal and these Appeals were consolidated by Court Order entered November 1, 1985.

In Appellee's Motions to Dismiss, they assert that the State had no evidence that either Appellee alone had control of the telephone from which the calls originated. Appellees also specifically contend that the State has no evidence that either Appellee separately knowingly permitted a telephone under his or her control to be used to make harassing telephone calls.

The State's Traverses to the Sworn Motions to Dismiss denied (1) that there were no material disputed facts and (2) that the undisputed facts in this case do not establish a prima facie case of guilt against the defendant. More specifically, the State's handwritten Traverse denied:

"(1)  Paragraph 5(o) of the Defendant's Motion to Dismiss

(2)  Paragraph 5(p) of the Defendant's Motion to Dismiss" (R.22)

Appellant claims it has evidence that there has been an "ongoing dispute between the parties" and that the Defendants reside at the dwelling the telephone calls originated from. In addition, Appellant asserts that it has testimony from two other persons living in the Defendants residence who will describe the layout of the apartment and testify that neither one of them were using the phone. Appellant claims that this testimony prima facie establishes that each Defendant knew that the other was using the phone.

Judge Herring indicated that the State's evidence failed to prove the identity in terms of which, if any of the two Defendants made the calls. Judge Herring stated that the evidence was insufficient "to support proof beyond a reasonable doubt", since as a matter of law, the lack of identification of which defendant made the calls, in and of itself created a reasonable doubt. County Court Judge Herring then granted Appellee's Sworn Motions to Dismiss with prejudice on the grounds that the material undisputed facts do not make out a prima facie case of guilt.

The thrust of Appellee's argument is that the State did not establish an ability to prove knowledge or control of the telephone from which

**170**

the harassing phone calls originated. Appellee maintains that knowledge and control are essential elements of the crime charged, and that since these elements can not be proved by the State, there is not a prima facie case against the Defendants. The County Court held that the evidence the State presented was incapable of establishing proof beyond a reasonable doubt.

## B. OPINION

In *State v. Hunwick*, 446 So.2d 214 (Fla. 4th DCA 1984), the Court set forth in detailed unequivocal language, the law applicable to sworn motions to dismiss filed pursuant to F.R. Crim. P. 3.190(c)(4). In essence, a sworn motion *must* be denied if the traverse with specificity denies a material fact or facts contained in the dismissal motion [See also *State v. Fort*, 380 So. 2d 540 (D.C.A. 1980)]. The Court instructed that 3.190(c)(4) motions are to be rarely granted since in most instances there are factual issues that should be resolved by the jury. In sum, the guiding principle to be deduced from this opinion is that all inferences are to be resolved against the defendant so long as the barest prima facie case is established. The defendant's remedy rests with the Court's power to direct a verdict of acquittal at trial at the conclusion of the state's case or the jury's finding the defendant not guilty.

In the instant case the State's traverse specifically denied a material fact alleged in the Defendant's sworn motion, to wit, that none of the victims had any evidence that the two Defendants had control over the telephone from which the harassing calls originated. At the hearing on the sworn motion the State was in a position to call witnesses to substantiate its position but the prosecutor was never given the opportunity by the court to do so (T.4). This offer was made when it became apparent that the Judge was about to and did in fact embark upon an analysis of the strength and quality of the State's proof.

It is significant that in *State v. Oberholtzer*, 411 So. 2d 376 (Fla. 4th DCA 1982) the Court held that it is not necessary for the state to present additional facts consistent with guilt so long as the state denies the material facts alleged in the motion. See also *State v. Fetherolf*, 388 So. 2d 38 (Fla. 5th DCA 1980). The instant case is certainly distinguishable from a recent Fourth District decision where the appellate court affirmed the trial court's granting of a motion to dismiss since in that case the state merely filed a demurrer that did not deny material facts alleged by the defendant, *State v. Castellan*, 488 So. 2d 668 (Fla. 4th DCA 1980). In the case *sub judice*, in addition to specifically denying material facts, when denied its request to present testimony to substantiate its position (which legally as noted above was not re-

**171**

quired) the State proffered additional evidence which supported its contention that it had more than a mere prima facie case.

Equally, beyond dispute is the principle set out in *State v. Milton*, 488 SO. 2d 878 (Fla. 1st DCA 1986) that a trial judge may not evaluate the evidence for this is a matter for the jury and not the court to decide. In accord is *State v. Sheppard*, 401 So.2d 944 (Fla. 5th DCA 1981) and *State v. Hricik*, 406 So.2d 1119 (Fla. 2d DCA 1984). It is readily evident that in reaching its instant position the lower court embarked upon such an analysis (T 4-6).

It is furthermore noteworthy that the trial court erroneously applied a reasonable doubt standard, in determining whether the traverse was legally sufficient (T-4). By undertaking this evidentiary weighing process the lower court imposed upon the State a higher burden than Rule 3.190(c)(4) demands or contemplated. *State v. Lewis*, 463 So.2d 562 (Fla. 2d DCA 1985).

The disputed issue in this proceeding is whether the Defendants had under their control a telephone they permitted to be used to make harassing calls. In a strikingly similar case, *State v. Patton*, 443 So. 2d 346 (Fla. 2d DCA 1983), the Court addressed an appeal of the trial court's granting of a sworn motion to dismiss which had been traversed by the State. The accused claimed that the State could not establish a prima facie case that he had control over a safe from which cash had been removed since at least seven other employees had equal access to it. The State's traverse denied this contention and asserted circumstantial facts indicating that the Defendant was the only employee in control of the pilfered safe. The Court made the following statement when it reinstated the information and this observation is equally applicable to the instant case:

> A proceeding on a motion to dismiss is not intended to take the place of a trial where there are facts presented by either side upon which a jury could find guilt. Even where the facts are undisputed, they may be subject to differing interpretations. *State v. Patton*, 443 So. 2d at 348.

In view of the foregoing, the order of dismissal is reversed and the case is remanded with directions that the Information be reinstated.

DONE AND ORDERED this 12 day of August, 1986 in Fort Lauderdale, Broward County, Florida.