FRANK, Judge.
The appellees, Louis Feldman, Eugene Clifford, David Kilpatrick and Glenda Kil-patrick were charged in a 141 count information with violations of Chapter 517, Florida Statutes (1985), the “Florida Securities and Investor Protection Act.” The appel-lees separately attacked the information with motions to dismiss permitted under rule 3.190 of the Florida Rules of Criminal Procedure, and the state demurred to each motion. The trial court granted the motions. We reverse, vacate the trial court’s dismissal order, and reinstate the information.
Our near-disbelief at the manner in which this matter was treated by the parties and the trial court occasions comment. Our customary reluctance to criticize events occurring before a trial court yields to the pervasive errors. With the exception of the motion to dismiss filed on behalf of Clifford, none of the appellees’ motions was verified in spite of rule 3.190(c)(4)’s requirement that such motions are to be executed under oath and based upon personal knowledge. State v. Bethea, 409 So.2d 1139 (Fla. 2d DCA 1982). Thus, the Feldman and the two Kilpatrick motions were susceptible of summary denial by the trial court, Id.; see State v. Upton, 392 So.2d 1013, 1016 (Fla. 5th DCA 1981), but neither the state nor the trial court reacted to the deficient motions. The absence of verification armed the state with the ability to move the trial court for an order striking all but Clifford’s motion to dismiss. Goodmakers v. State, 450 So.2d 888 (Fla. 2d DCA 1984). The state, however, failed to challenge the lack of verification.
Our examination of the transcripts of the hearings leads us to the conclusion that the trial court exceeded the boundaries of its role in entertaining a rule 3.190(c)(4) motion. “In considering a (c)(4) motion the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses in determining whether there exists a genuine issue of material fact.” State v. Lewis, 463 So.2d 561 (Fla. 2d DCA 1985). In this instance, however, the trial court appears to have undertaken the resolution of factual matters normally left for trial. For example, inquiries such as whether any of the documents associated with the allegedly unlawful transactions was a “security” and whether Glenda Kilpatrick was acting as an “agent,” as those words are defined in section 517.021, were negatively answered in granting the motions to dismiss notwithstanding that application of the statutory definitions is, in substantial part, dependent upon the development of facts at a trial. In short, the trial court not only assumed the role of fact finder, but it also failed to heed the principle that “it is not the trial court’s function to determine whether the state’s evidence excluded all reasonable hypotheses of innocence.” State v. Boom, 490 So.2d 1370 (Fla. 2d DCA 1986).
Moreover, “in considering the [rule 3.190(c)(4)] motion, the trial court must view the facts in the light most favorable to the state.” State v. Fry, 422 So.2d 78, 80 (Fla. 2d DCA 1982). We find nothing in the record to suggest that the trial court followed the foregoing principle. Indeed, the discussion, or debate, among the attorneys and the trial court at the April 22, 1987 hearing, with respect to whether certain documents were within the statutory definition of a “security,” leaves no question that the trial court failed to assess such documents “in the light most favorable to the state.”
Clifford’s verified motion admitted that he “did offer for sale to the named individuals a note secured by an equal dignity mortgage.” Although the reference to a mortgage might seem facially to remove the instrument from Chapter 517’s definition of a “security,” thus suggesting that Clifford did not violate the statute, that mere possibility should not have been dis-positive of the charge against him. As was stated by the fourth district in O’Neill v. State, 336 So.2d 699, 701 (Fla. 4th DCA *505 1976), “In determining whether the document is a security requiring registration under the Sales of Securities Law and whether the Defendant as a seller or dealer was required to register, we look not to the form but to the whole of the transaction, to the content of the document.” Indeed, as this court noted in Farag v. Nat. Databank Sub., Inc., 448 So.2d 1098, 1101 (Fla, 2d DCA 1984) (citing SEC v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946)), “a security is not always an easily recognized creature. Several considerations are necessary, such as what character the investment is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out by the sellers.” In the procedural setting before the trial court, it was not appropriate to attempt an analysis, as did occur, of the transactions in their entirety. The determinations reached by the trial court, grounded upon cryptic, unsworn statements expressed by attorneys representing the ap-pellees, were properly resolvable only upon a trial.
Accordingly, the order granting the ap-pellees’ motions to dismiss the information is vacated and this case is remanded for further proceedings.
SCHEB, A.C.J., and THREADGILL, J., concur.