529 So.2d 1239 (1988)
STATE of Florida, Appellant,
v.
Bruce Allen BOOKER, Appellee.
No. 87-1348.
District Court of Appeal of Florida, First District.
August 12, 1988.
Robert A. Butterworth, Atty. Gen., Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellee.
ERVIN, Judge.
This is an appeal from a final order granting a motion to dismiss an information charging two counts of robbery and one count of petit theft. Concluding that the state adequately traversed the motion to dismiss, we reverse.
The state raises two issues on appeal, arguing first that the defendant improperly attested the motion to dismiss. We consider that the state has waived this error on appeal in that it failed to raise the issue below. See State v. Gomez, 508 So.2d 784, 785 (Fla. 5th DCA 1987); Goodmakers v. State, 450 So.2d 888 (Fla. 2d DCA 1984).
The state next argues that the trial court improperly granted the motion to dismiss, as the motion was adequately traversed. We agree. The motion to dismiss alleges that the defendant in no way participated in the robbery. The traverse/demurrer on the other hand reflects that the defendant aided a co-defendant in carrying out the robbery.[1] When considering *1240 a motion to dismiss, all inferences must be resolved against the defendant. See State v. Adderly, 411 So.2d 981, 982 fn. 1 (Fla. 3d DCA 1982). In the instant case the key to whether the motion to dismiss should have been granted hinges on whether appellant participated in the crime with the co-defendant or was simply an innocent bystander. For appellant to be convicted as an aider and abettor, he must not only have assisted the actual perpetrator, but he must also have intended to participate in the crime. See Horton v. State, 442 So.2d 1064 (Fla. 1st DCA 1983). The issue of a defendant's intent is not resolvable by a motion to dismiss. See State v. Milton, 488 So.2d 878 (Fla. 1st DCA), cert. denied, 479 U.S. 1012, 107 S.Ct. 659, 93 L.Ed.2d 713 (1986), quoting State v. Hricik, 445 So.2d 1119, 1120 (Fla. 2d DCA 1984), stating that "[a] defendant's intent is not an issue to be decided by the trial court on a Rule 3.190(c)(4) motion to dismiss."
REVERSED and REMANDED for consistent proceedings.
JOANOS and NIMMONS, JJ., concur.
NOTES
[1] The pertinent portion of the traverse/demurrer is as follows:

It is expected that State witness Bonnie McClelland would testify that defendant Bruce Booker approached the vehicle the victims were in on his own before any request for directions had been made. She would also testify that defendant Bruce Booker asked them if they wanted to buy some drugs, and she would also testify that Bruce Booker got out of the way and made room for co-defendant Thomas Booker to reach into the vehicle to snatch the purse in question. She would testify that it appeared that the robbery was planned and that both defendants had been conferring with each other just prior to the robbery. Furthermore, she would testify that after Thomas Booker obtained the purse, he turned to his brother, Bruce Booker, and stated "I've got it. Come on man, let's go!" Both defendants then walked away laughing.