## STATE OF FLORIDA v COLE

Case No. 87-096 AC

Eleventh Judicial Circuit, Dade County

September 6, 1989

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Yvette Rhodes Prescott,** Assistant Attorney General, for appellant.

**Louis M. Jepeway, Jr.,** Jepeway and Jepeway, P.A., for appellee.

Before RIVKIND, FEDER, ESQUIROZ, JJ.

### OPINION OF THE COURT

PER CURIAM.

The State of Florida appeals from an order granting Appellee's sworn motion to dismiss. We reverse.

### *FACTS*

(a)

Appellee was charged by separate Florida Uniform Traffic citations

with (a) "leaving the scene of an accident-property damage" in violation of Section 316.061, Florida Statutes, and (b) "driving under the influence of alcoholic beverages, chemical or controlled substances; driving/actual physical control while impaired, or driving/actual physical control with unlawful blood alcohol level of .10 percent or above" in violation of Section 316.193, Florida Statutes.

## (b)

Pursuant to Fla.R.Crim.P. 3.190(c)(4), Appellee moved the court to dismiss the charges against him "on the grounds that there was no material disputed facts and the undisputed facts do *not* establish a *prima facie* case of guilty against [him]." Appellee then asserted the following in the sworn motion to dismiss, to wit:

1. On December 4, 1986, at approximately 9:30 o'clock p.m., the Defendant had left a restaurant with a young woman whom he had just met approximately a half hour to 45 minutes earlier.

2. The Defendant suggested that they leave in his vehicle and that she should drive. The young woman, Sally B_____ agreed.

3. They left the restaurant in the Defendant's vehicle and the young woman was driving.

4. They proceeded along Northwest South River Drive. The young lady was driving.

5. After they had traveled approximately 10 to 15 minutes the young lady hit an object in the road. The vehicle came to a complete stop. She then placed the vehicle in reverse, and drove around the object and continued along Northwest South River Drive in the original direction.

6. The Defendant asked the young woman to stop many time. She disregarded his requests and continued driving the vehicle.

7. After about 10 minutes the Defendant finally was able to persuade the young lady to stop the vehicle. She drove into a parking lot at a 7-Eleven store. She parked the vehicle in a completely proper and normal manner.

8. As soon as the vehicle stopped the Defendant turned off the ignition.

9. The Defendant then left the vehicle from the passenger's side and went around to the front of the vehicle to determine what damage had been done to the vehicle.

43

10. As the Defendant was inspecting the front of the vehicle, the young man left the vehicle from the driver's side and flet.

11. The Defendant never saw the young woman again.

12. The Defendant is unmarried and was unmarried at the time of this incident.

13. After the young woman fled, the Defendant reentered the vehicle. He had no intention whatsoever of driving the vehicle away.

## (c)

The State filed a sworn "traverse" setting forth the following:

"JANET RENO, State Attorney of the Eleventh Judicial Circuit of Florida, files this Traverse to the Motion to Dismiss heretofore filed in this cause on behalf of the defendant, Roy Cole, and, pursuant to Rule 3.190(d) of the Florida Rules of Criminal Procedure, *specifically denies the following factual matters alleged in said motion,* to wit:

1. The State has no knowledge of these allegations and would demand strict proof thereof.

2. The State has no knowledge of these allegations and would demand strict proof thereof.

3. The State has no knowledge of these allegations and would demand strict proof thereof.

4. The State has no knowledge of these allegations and would demand strict proof thereof.

5. The State has no knowledge of these allegations and would demand strict proof thereof.

6. The State has no knowledge of these allegations and would demand strict proof thereof.

7. The State has no knowledge of these allegations and would demand strict proof thereof.

8. The State has no knowledge of these allegations and would demand strict proof thereof.

9. The State has no knowledge of these allegations and would demand strict proof thereof.

10. The State has no knowledge of these allegations and would demand strict proof thereof.

11. The State has no knowledge of these allegations and would demand strict proof thereof.

12. The State has no knowledge of these allegations and would demand strict proof thereof.

13. The State would move to strike this paragraph as irrelevant."

The traverse then goes on to allege factual matters not contained in the motion to dismiss, to wit:

The State would allege *additionally the following:*

14. Officer Murphy was dispatched to investigate an accident with injuries at 3061 Northwest 20th Street.

15. Upon arriving at the scene, Officer Murphy observed the defendant in the truck, slumped over the steering wheel, in the driver's seat, the keys were in the ignition.

16. The defendant was found to have injuries to his head and arm.

17. The vehicle he was sitting in was heavily damaged.

18. At no time did the defendant indicate to Officer Murphy that another person had been driving the vehicle.

19. While attempting to determine if an accident had occurred, Officer Murphy observed an odor of alcohol coming from the defendant's breath.

20. Officer Hamneck, who has considerable DUI investigation experience, then corroborated Officer Murphy's observations as to the defendant's impairment and placed the defendant under arrest for the charge of D.U.I.

21. All the above events occurred in Dade County, Florida.

## (d)

The trial court thereafter entered an order granting Appellee's sworn motion to dismiss. The State appealed. We vacate the dismissal.

## I

We hold, first, that the *additional* facts alleged in the traverse establish a *prima facie* case that Appellee was in actual physical control of the vehicle while intoxicated. *See Fieselman v State,* 13 F.L.W. 2564 (Fla. 3d DCA Nov. 22, 1988). Hence, that charge should *not* have been dismissed. *Id.*

Fla.R.Crim.P. 3.190(c)(4) states that the court may entertain a motion to dismiss on the grounds that "there are no material disputed facts and the undisputed facts do *not* establish a *prima facie* case of guilt against the defendant." The original justification for a (c)(4)

**45**

motion was to permit a pretrial determination of whether the State could establish a *prima facie* case based on undisputed fact. *State v Davis,* 243 So.2d 587, 590 (Fla. 1971). The determinative issue is whether the State can establish a *prima facie* case. If there is any evidence upon which a reasonable jury could find guilty, a (c)(4) motion *must* be denied. *State v Hires,* 372 So.2d 183, 184 (Fla. 2d DCA 1970); *State v McQuay,* 403 So.2d 566, 567 (Fla. 3d DCA 1981); *State v Book,* 523 So.2d 636, 637 (Fla. 3d DCA 1988).

In *Fieselman v State,* 13 F.L.W. 2564 (Fla. 3d DCA Nov. 11, 1988), the court held that a reasonable inference can be drawn that a defendant is in actual physical control of a vehicle while intoxicated where evidence shows that keys are found in the ignition of a vehicle in which the defendant is found asleep, lying on the front seat. As in *Fieselman,* the additional facts set forth in the traverse that appellee was observed "in the truck slumped over the steering wheel . . . the keys . . . in the ignition" preclude the entry of a dismissal of the charge. 13 F.L.W. 2565.

## II

We likewise hold that the additional facts alleged in the traverse establish a *prima facie* case that Appellee was guilty (at least as an aider and abettor) of leaving the scene of an accident in violation of § 316.061, Fla. Stat. *See Espinoza v State,* 183 So.2d 560 (Fla. 3d DCA 1966). Hence, the motion to dismiss should not have been granted. *State v Booker,* 529 So.2d 1239 (Fla. 1st DCA 1988).

### (a)

To be sufficient, a (c)(4) motion to dismiss *must* (1) allege that the material facts of the case are undisputed; (2) describe what the undisputed material facts are, and (3) demonstrate that the undisputed facts fail to establish a *prima facie* case, or that they establish a valid defense (either an affirmative defense or negation of an essential element of the charge).[1] *State v Pastorius,* 419 So.2d 1137, 1138 (Fla. 4th DCA 1982), citing *Ellis v State,* 346 So.2d 1044, 1045 (Fla. 1st DCA 1977).

If the allegations of the motion meet the above test, the burden shifts to the State. In order to avoid the effect of the motion, the State must either traverse a specific material fact that is alleged in the motion or *"allege one or more material facts no contained in the motion."* 419 So.2d 1138.

---

[1] If the undisputed facts, as alleged in the motion to dismiss, do not meet this burden no response from the state is necessary and the motion may be summarily denied.

Where a defendant's sworn motion to dismiss is met with a traverse by the State which specifically denies under oath the material facts alleged, the motion must *automatically* be denied. Fla.R.Crim.P. 3.190(d); *State v Sawyer,* 526 So.2d 191, 192 (Fla. 3d DCA 1988); *Ellis v State,* 346 So.2d 1046. The State, thus, can preclude dismissal if its traverse places a material issue of fact in dispute. *Id.* Conversely, those facts alleged in the motion to dismiss which are *not specifically* denied by the State are, for the purposes of the motion, deemed admitted. Fla.R.Crim.P. 3.190(d).

Sub judice, the State, in the preamble to the "traverse," "specifically denies the . . . factual matters in [appellee's] motion to dismiss." However, the traverse then goes on to refer, by number, to the pertinent factual allegations in the motion to dismiss and sets forth that the "State has no knowledge of these allegations and would demand strict proof."

We find the text of the State's traverse insufficient to deny any of the material facts in the motion to dismiss. The State must, when it purports to deny material facts, deny these facts with *specificity. Ellis, supra,* (traverse which merely states that the State traverses the defendant's sworn motion is insufficient as a matter of law).

Neither does the language that the "State has no knowledge of the allegations in the motion" constitute a sufficient specific denial. Pleading lack of knowledge does *not* constitute a denial because sworn denials by the State Attorney need not be based upon personal knowledge. *State v Patlon,* 443 So.2d 346, 348 (Fla. 2d DCA 1983).

(c)

Regardless of whether the factual matters set forth in Appellee's (c)(4) motion are deemed admitted, they would not necessarily exonerate Appellee as an aider and abettor. *Id.* Sub judice, Appellee was charged with "leaving the scene of an accident-property damage." F.S. 316.061 provides in pertinent part

"the driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle, at the scene of such accident or as close thereto as possible. . . ."

Even one who is not driving can be held guilty under F. S. 316.061. It is "altogether possible that a passenger may, by his affirmative act, aid and assist a driver in violation under this section and become

subject to conviction as an aider and abettor."[2] *Espinoza v State,* 183 So.2d 560, 561 (Fla. 3d DCA 1966). For Appellee to be convicted as an aider and abettor, he must not only have assisted the actual perpetrator, but he must also have intended to participate in the crime. *Id.* The key issue of whether Appellee had the requisite knowledge and intent (to be guilty as an aider and abettor) is appropriatelly one for the trier of fact. The issue of a defendant's intent is not resolvable by a motion to dismiss. *State v Booker,* 529 SO.2d 1239, 1240 (Fla. 1st DCA 1988); *State v Hricik,* 445 So.2d 1119, 1120 (Fla. 2d DCA 1984).

> A defendant's intent is *not* an issue to be decided by the trial court on a Rule 3.190(c)(4) motion to dismiss. . . . Instead it is for the trier of fact to determine the defendant's state of mind by weighing the evidence and judging the credibility of witnesses. *Id.*

The trial judge, by granting the motion to dismiss, undertook "the resolution of factual matters normally left for trial." See *State v Boom,* 490 So.2d 1370 (Fla. 2d DCA 1986). A proceeding on a (c)(4) motion is not intended to take the place of a trial where there are facts presented by either side upon which a jury could find guilt. 443 So.2d 348. In considering a (c)(4) motion, "the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses["]. *State v Feldman,* 522 So.2d 503, 504 (Fla. 2d DCA 1988). Like summary judgment motions in civil cases, criminal motions to dismiss under Fla.R.Crim.P. 3.190(c)(4) should be granted *rarely* for in most cases there are factual disputes that are property to be resolved by the jury. *State v Hunwick,* 446 So.2d 214, 215 (Fla. 4th DCA 1984); *Vanhoosan v State,* 469 So.2d 230, 231 (Fla. 1st DCA 1985). The cardinal rule of construction is that the court must construe the facts in a light most favorable to the State. *Feldman, supra; State v Lopez,* 522 So.2d 997, 998 (Fla. 3d DCA 1988).

In *State v Blanco,* 432 So.2d 633 (Fla. 3d DCA 1983), a traverse was filed stating that the "State specifically denies that the material facts as presented in the defendant's sworn motion to dismiss are the only facts upon which the State would rely during the State's case in chief." The Third DCA reversed the order granting the motion to dismiss holding that:

> [W]here, as here, the facts as alleged in the sworn motion to dismiss

---

[2] Section 777.011, Florida Statutes, makes clear that whoever aids or abets an offense to be committed may be convicted as a principal in the first degree. It is "immaterial" whether the charging document alleges that the defendant committed the crime or was merely aiding and abetting in its commission. *State v Roby,* 246 So.2d 566, 571 (Fla. 1971); *Newman v State,* 196 So.2d 897 (Fla. 1967).

48

under Fla.R.Crim.P. 3.190(c)(4) do not constitute all of the material facts which the state will rely upon at trial to constitute the crime charged, there is no basis upon which to grant the motion. In such a case, the trial court is not in a position to ascertain whether the facts upon which the state relies to constitute the crime charged establish, as a matter of law, a prima facie case of guilt against the defendant. Upon the filing of the traverse in the instant case, the trial court was required to deny the sworn motions to dismiss. 432 So.2d 634.

To withstand a motion to dismiss, the State need show only a *prima facie* case. The State need *not* produce evidence sufficient to sustain a conviction. It need only show "sufficient reasonable inferences to make a *prima facie* case." *State v Fuller,* 463 So.2d 1252, 1254 (Fla. 5th DCA 1985). If there is any evidence upon which a jury of reasonable men could convict, the court should deny the motion. *State v Book,* 523 So.2d 636, 637 (Fla. 3d DCA 1988) citing *State v McCrary,* 387 So.2d 559, 561 (Fla. 2d DCA 1980). The motion should be granted only where the most favorable construction of the facts of the state does *not* establish a *prima facie* case of guilt. *Id.*

### (d)

Since the *undisputed* facts establish a *prima facie* case of guilt against Appellee (at least as an aider and abettor), the motion should not have been granted by the court. It is *not* the trial court's function to determine whether the state's evidence excludes all reasonable hypothesis of innocence. *State v Boom,* 490 So.2d 1370 (Fla. 2d DCA 1986); *State v Feldman,* 522 So.2d 503, 504 (Fla. 3d DCA 1988); *State v Upton,* 392 So.2d 1013, 1015 (Fla. 5th DCA 1981). As long as the state shows the "barest *prima facie* case, it should *not* be prevented from prosecuting." *Vanhoosan v State,* 469 So.2d 230, 232 (Fla. 1st DCA 1985); *State v Hunwick,* 446 So.2d 214, 215 (Fla. 4th DCA 1984).

### III

Accordingly, the order granting Appellee's motion to dismiss is vacated and the cause is remanded for further proceedings.