380 So.2d 534 (1980)
STATE of Florida, Appellant,
v.
Jack E. FORT, Appellee.
No. 78-2100/T4-223.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
Jim Smith, Atty. Gen., Tallahassee, Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, and Phillip Havens, Asst. Atty. Gen., Daytona Beach, for appellant.
C.A. Van Hook, III, Deland, for appellee.
COBB, Judge.
The state appeals an order dismissing an Information charging appellee, the defendant Fort, with second degree grand theft of a heater. Fla.R.App.P. 9.140(c)(1)(A). The *535 dismissal was based on a motion by the defense, filed pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure, which was traversed by the state.
Fort's motion alleged that the state had no evidence establishing ownership of a certain heater in the victim, Mahaffey, Fort's employer, or in another person. In support of the allegation, Fort contended the evidence would show: (1) a heater similar to Mahaffey's was sold by Fort to David Jordan; (2) Fort worked for Mahaffey for several years and was constructing for Mahaffey a heater similar to the one which Fort sold to Jordan; (3) that Mahaffey observed that one of his heaters, similar to the one Fort was working on and the one sold to Jordan, was missing; (4) that subsequent to the sale of the heater to Jordan, Mahaffey saw the heater on Jordan's property and claimed it, stating it looked like his heater; (5) that Mahaffey could not state absolutely that the heater he claimed at David Jordan's was his heater, but only that it looked like his heater; (6) that Mahaffey stated that Fort has made at least one heater on piecework on his own time; (7) that the heater Fort was building that Mahaffey says was the same one Fort stole had no serial number on it and that it was impossible to identify it without a serial number with absolute certainty; (8) that Mahaffey could not possibly identify the parts to the heater as being his parts; (9) that there was no way for Mahaffey to really know whether Fort may have constructed that particular heater that was at Jordan's property on his own or at some other location; (10) that the transfer of a heater was made by Fort in broad daylight to Jordan's nursery across the street from Mahaffey's; (11) that based on all the state's evidence and taken in a light most favorable to the state, there existed a reasonable hypothesis of innocence as a matter of law and the state's case was not worthy of jury consideration.
In its written traverse, the state denied that there were not disputed material facts and that the undisputed facts failed to establish a prima facie case, and went on to specifically state facts indicating guilt: that during October, 1977, Mahaffey noticed that a heater which was being assembled at his direction by Fort was not in the packing shed where Fort had been working on it the day before; that when Mahaffey asked Fort where it was Fort replied that it had been moved to a back shed, but Mahaffey discovered that the heater was not in the back shed; that when Mahaffey again confronted Fort, Fort said Mahaffey would have to check with Fort's brother; that Fort had not been directed to move the heater to the back shed, since all of the necessary tools were in the packing shed, and Fort never explained why the heater would have been moved; that the heaters being assembled by Fort was homemade and especially designed for Mahaffey's greenhouses; that Mahaffey bought all the parts and equipment for the heaters, and Fort was to receive $100.00 per heater for building them; that at 6:00 P.M. on October 30, 1977, two witnesses observed Fort and his brother bring a heater, which matched the description of the one which was ultimately found to be missing from, Mahaffey's nurseries across the street to Jordan's nursery, using Mahaffey's front-end loader; that Jordan would testify that he purchased the heater brought to his nursery by Fort, not knowing it belonged to Mahaffey; that Fort installed the heater in Jordan's greenhouse on November 4, 1977, at 4:00 P.M., and was then paid $800.00; that on November 8, Mahaffey went to Jordan's nursery, was shown the heater sold and installed by Fort, and positively identified the heater as his own, due to its design and flaw in its construction, which he recognized; that Jordan immediately returned the heater to Mahaffey; and that Fort failed to report to work as expected on November 5 and was never seen again by Mahaffey.
The trial court granted the motion on the basis that the evidence showing the heater belonged to Mahaffey rather than to Fort was circumstantial and, as such, susceptible of a reasonable construction indicating innocence. In other words, the trial court found that the state failed to present a prima facie case.
*536 The state argues, and correctly so, that the evidence of Fort's guilt was direct, not circumstantial. Even if the evidence were entirely circumstantial, it did not support any reasonable hypothesis of innocence. No facts were presented to the trial court indicating the heater in question belonged to Fort prior to its sale to Jordan; at no time did Fort claim that he built the heater using his own parts on his own time.
Under Florida law, the identity of stolen property may be established by circumstantial evidence. McDonald v. State, 56 Fla. 74, 47 So. 485 (1908); Thompson v. State, 58 Fla. 106, 50 So. 507 (1909); Kearson v. State, 123 Fla. 324, 166 So. 832 (1936). Moreover, in considering a "(c)(4)" motion, the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses in determining whether there exists a genuine issue of material fact. State v. West, 262 So.2d 457 (Fla. 4th DCA 1972). If material factual allegations of a (c)(4) motion are denied or disputed in the traverse, denial of the motion to dismiss is mandatory. Fla.R.Cr.P. 3.190(d); State v. Cook, 354 So.2d 909 (Fla. 2d DCA 1978); cert. dismissed, 359 So.2d 1212 (Fla. 1978); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla. 1977); State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975).
The dismissal by the trial court is reversed, and this cause remanded with directions to reinstate the Information.
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.