397 So.2d 1150 (1981)
STATE of Florida, Appellant,
v.
Carrie Angilee PETTIS, Appellee.
No. 79-1116/T4-565.
District Court of Appeal of Florida, Fifth District.
April 1, 1981.
*1151 Jim Smith, Atty. Gen., Tallahassee, Steven Wallace, Asst. State Atty., and Lawrence A. Kaden, Staff Legal Asst., Orlando, for appellant.
Richard L. Wilson, Orlando, for appellee.
ORFINGER, Judge.
Appellant was charged with battery on a law enforcement officer pursuant to sections 784.03 and 784.07, Florida Statutes (1979), which charge was dismissed in response to a motion by appellant under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. The State appeals[1] and we reverse.
The motion to dismiss did not deny striking Deputy Mallard, but stated that defendant "did not believe she struck" the officer. The State traversed the motion and specifically the attempt by defendant to deny striking the officer. Defendant asserts that if the battery occurred, it was in the course of resisting an unlawful arrest by another officer.
The function of a "(c)(4)" motion to dismiss is to ascertain whether or not the facts which the State relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of *1152 law, establish a prima facie case of guilt of the accused. State v. Davis, 243 So.2d 587 (Fla. 1971). In considering such a motion, the trial court should not determine fact issues or consider the weight of conflicting evidence or the credibility of witnesses. State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980).
Unlike the standard employed at trial when the jury considers the evidence, in determining whether the State has shown a prima facie case so as to successfully resist a "(c)(4)" Motion, all inferences are resolved against the defendant. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fort, supra. If the undisputed facts permit the conclusion that the defendant could be found guilty, the motion must be denied. State v. De Jerinett, 283 So.2d 126 (Fla. 2d DCA 1973); cert. denied, 287 So.2d 689 (Fla. 1973). Where material allegations of the motion are denied or disputed in the traverse, the denial of the motion is mandatory. Fort, supra.
Appellee says that the motion to dismiss was granted because the trial court was convinced that the deputy who was allegedly struck was not engaged in the "lawful performance of his duties". Even if that was the trial court's reason for dismissal  a conclusion which we cannot reach because the order states no reasons  the motion fails to allege facts to show that Officer Mallard was not so engaged. The failure of the State to traverse any such conclusion has no effect on the result here where there was nothing to traverse.
The order dismissing the information is reversed and this cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] 9.140(c)(1)(A), Fla.R.App.P.