JOANOS, Judge.
The State of Florida appeals from orders dismissing two informations. The two cases have been consolidated for appeal. We reverse.
Appellee Anthony P. Mattox (Mattox) was charged with three burglaries: the Boucher (Circuit Court No. 82-117 CF), Andrews (Circuit Court No. 82-118 CF) and Manly burglaries (Circuit Court No. 82-386 CF). The dismissal of the information in regard to the Boucher and Andrews cases only are involved in this appeal.
In the Boucher and Andrews eases, Mat-tox moved to dismiss pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. As to the Boucher burglary, Mattox alleged, in essence, that the facts upon which the motion was based were that: the breaking and entering occurred between 12:05 p.m. and 8:35 p.m. on December 13, 1981; that latent fingerprints were lifted off broken glass located near the back door of the house; that the back door glass window had been broken during the same approximate time as the breaking and entering; that Boucher had never given Mat-tox permission to be inside his premises; a friend of Boucher’s had a key to the house; and that there is no other circumstantial or *649 direct evidence connecting Mattox to the burglary. The State traversed this motion asserting that: Boucher had never given Mattox permission to be inside or outside his premises; Boucher is not in any way acquainted with Mattox; and the State denied the allegation pertaining to no other evidence as it intended to admit “Williams Rule type evidence” at trial.
As to the Andrews burglary charges, Mattox's motion alleged that: the breaking and entering of the house occurred between 1 p.m. on December 7, 1981, and 8:45 p.m. on December 8, 1981; that nothing was stolen; that the police found a latent print matching Mattox’s known print outside the windowsill of the dining room.window; the State cannot determine when the latent print was made; Andrews has never given Mattox permission to be inside her premises; and that there was no other circumstantial or direct evidence connecting Mattox with the burglary. The State’s traverse to this motion asserted that: it could prove that the fingerprint was placed there recently because it could be lifted and that a print outside of a windowsill will last a relatively short time because of weathering; that Andrews had not given Mattox permission to be inside or outside her premises; that Andrews was not in anyway acquainted with Mattox; and the State denied the assertion that it had no other evidence as it intended to admit “Williams Rule type evidence.”
In the meantime, the State had filed a notice in the Boucher case of its intent to offer evidence of the Andrews burglary at trial and in the Andrews case of its intent to offer evidence of the Boucher case. At some point in the Manly burglary case (not involved in this appeal) the trial judge heard a motion in limine and ruled that evidence of the Boucher and Andrews burglaries could not be received in the Manly trial. At a later time, the same trial judge when confronted with the motions in limine in the Boucher and Andrews cases thought he had already ruled on the matter, but nevertheless allowed the State to submit additional authority on the subject. Immediately following that, he heard argument on the motions to dismiss in the Boucher and Andrews cases. In the process of considering the motions to dismiss he allowed the State to present argument on the Williams rule evidence. Following this he took the matter under advisement and later entered the order appealed dismissing the Boucher and Andrews burglary informa-tions pursuant to the 3.190(c)(4) motion.
Following this, the State filed a “Motion to Reconsider: The Granting of Defendant’s Motion in Limine in Case 82-117 CF, 82-118 CF and 82-386 CF, Orders Granting Defendant’s Motion to Dismiss in Cases 82-117 CF and 82-118 CF and Notice of Supplemental Authority.” The case numbers set forth in the motion included the Boucher, Andrews and Manly burglary cases. After a hearing in which there was some discussion regarding a reconsideration of the motion in limine and a statement by the trial judge that the granting of the motion in limine and the dismissals of the Boucher and Andrews burglary cases could be appealed together, the trial judge entered an order denying the motion to reconsider.
Thus, while there is confusion in the record, it is apparent that the trial judge believed that he had granted the motion in limine as to all three cases and so did the parties.
We, therefore, have first reviewed the correctness of the trial judge’s determination on the Williams rule evidence and have found his decision to exclude the evidence of the other burglaries in each of the Boucher and Andrews burglary cases was not in error. The record reflects insufficient similarity among the three burglaries to warrant admission of evidence of any one of the burglaries to any one of the other burglary trials. See Williams v. State, 110 So.2d 654, 662 (Fla.1959).
However, despite the assumption that Williams rule evidence will not be admitted, we have determined that there was error in dismissing the Boucher and Andrews burglary informations.
*650 The question that we have addressed in both cases is whether there is a material issue of fact in dispute or if the uncontro-verted facts establish a prima facie case of guilt. State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981). In our consideration, we have been required to view the allegations involved in a light most favorable to the State. State v. Davis, 243 So.2d 587 (Fla. 1971); State v. Johnson, 398 So.2d 500 (Fla. 3d DCA 1981). In doing so, unlike the standard employed at trial when the jury considers the evidence, we have resolved all inferences against the defendant. State v. Pettis, 397 So.2d 1150 (Fla. 5th DCA 1981); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980). In reviewing the motions and traverses we have determined that the alleged evidence in each of the two cases contains uncontroverted facts, which establish a pri-ma facie case of guilt so as to overcome dismissal.
In each case, the allegations can be construed to show that the State plans to prove that: each burglary occurred at an approximate time; that defendant’s fingerprint was placed at the point of entry at the time of the burglary; that the fingerprints were in a location where one engaged in a burglary could have placed them; that the relative location of where the prints were found do not give rise to the reasonableness of prior access; and that the defendant had no authorization to be on the premises. We believe this alleged evidence is sufficient to overcome the motion to dismiss. See State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Holder, 400 So.2d 162 (Fla. 3d DCA 1981).
In reaching this determination, we note the distinction between the circumstances here and those involved in the cases cited by Mattox. First, in nearly all of the cited cases, the fingerprint evidence was deemed insufficient after a trial on the matter. See e.g., Jaramillo v. State, 417 So.2d 257 (Fla.1982); Williams v. State, 308 So.2d 595 (Fla. 1st DCA 1975), cert. denied 321 So.2d 555 (Fla.1975); A.V.P. v. State, 307 So.2d 468 (Fla. 1st DCA 1975); Ivey v. State, 176 So.2d 611 (Fla. 3d DCA 1965). This difference is highlighted by the following quotation, which is applicable to the instant situation:
If the State’s evidence is all circumstantial, then whether it has carried its burden of excluding all reasonable hypotheses of innocence must be decided at the close of ail the evidence. To withstand a motion to dismiss, the State need show only a prima facie case.
State v. Upton, supra at 1015. (emphasis supplied)
Second, in each of the cited cases the fingerprints were found in a location where prior access was reasonable. (See, Williams v. State, supra).
While State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976), cited by appellee, did involve a motion to dismiss, it suffers from the same infirmity as the other cases, in that the fingerprints were in a location where prior access was reasonable. Unlike Hayes, the State, here, has alleged its ability to produce evidence giving rise to inferences that the prints: were in a location where prior access was unreasonable; were at the place of entry; and were placed there at the approximate time of the burglary.
We, therefore, REVERSE the trial court’s orders that granted appellee’s motions to dismiss the two informations.
MILLS and THOMPSON, JJ., concur.