WIGGINTON, Judge.
The State appeals from a final order dismissing count II of an indictment charging appellees with unlawfully introducing into or possessing upon the grounds of the Madison County jail a contraband article as defined in section 951.22, Florida Statutes, to wit: “U.S. currency in an amount not *34 authorized by the Sheriff of Madison County.” In the order, the trial court found that “[i]n its application,” section 951.22 is both vague and overbroad, and is facially unconstitutional as being an invalid delegation of legislative authority. We affirm in part and reverse in part.
Initially, we reverse the trial court’s holding that section 951.22 is an invalid delegation of legislative authority. In Clark v. State, 395 So.2d 525 (Fla.1981), the supreme court upheld similar language in section 944.47, Florida Statutes, which prohibits introduction of contraband into a correctional or penal institution “[ejxcept through regular channels as authorized by the officer in charge” of the institution. The supreme court held that section 944.47 is not an unreasonable or unlawful delegation of legislative power, recognizing that “[a] prison, unlike most regulated agencies and departments, cannot be run by procedures carefully detailed by ‘outsiders.’ ” The supreme court emphasized that although the prison administrator or “officer in charge of such institution” is the person qualified to designate the “regular channels” of entry into the prison, the items of contraband were outlined by the legislature, and the “prison administrator must keep out items within that outline which, based on his experience in the prison system, are potentially harmful.” We hold that this same analysis may be applied to the instant case in overcoming the constitutional challenge.
However, we hold that as applied in the instant case, the statute is unconstitutionally vague. As the trial court found, at the time in question there were no guidelines at the Madison County jail regarding what items could be brought into the jail and in what amounts. It was also common knowledge that prisoners had money in their cells and visitors brought in sums of money to them in varying amounts as a practice of long standing. Under the facts of the instant case, appellees have presented an example of the selective enforcement referred to in Clark rendering the statute unconstitutional in its application to appel-lees. After all, they could only guess, and in fact guessed wrong, as to what conduct on their part was prohibited.
Accordingly, on the basis that section 951.22 is unconstitutionally vague and, “in a colloquial sense,” overbroad in its application, State v. Saiez, 489 So.2d 1125 (Fla.1986), we affirm the trial court’s dismissal of count II of the indictment.
AFFIRMED.
NIMMONS, J., concurs.
WENTWORTH, J., concurs specially with written opinion.