# STATE OF FLORIDA v OLSON

## Case No. 88-2719

Second Judicial Circuit, Leon County

June 7, 1989

### APPEARANCES OF COUNSEL

**Timothy D. Harley,** and **Raymond Markey,** for plaintiff.
**Robert A. Harper,** and **C. Gary Williams,** for defendant.

### OPINION OF THE COURT

P. KEVIN DAVEY, Circuit Judge.

Defendant, Karen E. Olson, seeks dismissal of the charge of Possession of Contraband at a County Detention Facility asserting that this criminal statute (Florida Statute § 951.22) is facially unconstitutional or in the alternative that the statute is unconstitutional as applied to her in this case. After reviewing the pleadings, hearing the evidence, considering the submissions of the parties, and conducting independent research, the Court finds that Florida Statute § 951.22 is unconstitutional on its face and in its application to the Defendant Olson. The

Court hereby incorporates those findings and conclusions announced at the hearing, to the extent they are not inconsistent with those set forth herein.

On June 11, 1988, Olson was interviewing inmates at the Leon County Jail in connection with her duties as a reporter for the *Tallahassee Democrat*. She chose to conduct these interviews as a jail visitor rather than through the alternative procedure which the Leon County Sheriff's Department (LCSD) had established for members of the news media.[1] While the Defendant was talking with one inmate, another inmate, Fred Madry, passed her some pieces of paper with writing on it. (Defendant's Composite Exhibit No. 1.) This was observed by a correctional officer who detained and questioned the Defendant about them. The Defendant refused the officer's request to relinquish the papers. After further discussion, Olson was allowed by the correctional staff to leave the jail without surrendering the papers. Thereafter, she was arrested by the Leon County Sheriff's Department and charged with violation of F.S. § 951.22.[2]

Florida Statute § 951.22 provides:

"(1) It is unlawful, except through regular channels as duly authorized by the sheriff or officer in charge, to introduce into or possess upon the grounds of any county detention facility as defined in § 951.23 or to give to or receive from any inmate of any such facility wherever said inmate is located at the time or to take or to attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purposes of this act, to wit: Any written or recorded communication; any currency or coin; any article of food or clothing; any intoxicating beverage or beverage which causes or may cause an intoxicating effect; any narcotic, hypnotic, or excitative drug or drug of any kind or nature, including nasal inhalators, sleeping pills, barbiturates, and controlled substances as defined in § 893.02(4); any firearm or any instrumentality

---

[1] By choosing this alternative, Olson was not allowed to take her note pad and pen into the jail as she had in the past. Also, she had to conduct her interviews in the general visitation area of the jail rather than in one of the interview rooms where she could have pen and paper.

[2] The jail ceil occupied by Mr. Madry and the other inmate being interviewed was subsequently searched by the LCSD. The search yielded numerous sheets of paper with writing on them. The written communication contained on one of these documents did not differ materially from the written communication contained on one of the documents Defendant received from Mr. Madry. No inmate was charged under F. S. § 951.22 with possession of written communication or with passing written communication to the Defendant.

customarily used or which is intended to be used as a dangerous weapon; and any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county facility.

(2) Whoever violates subsection (1) shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083 or § 775.084."

The Defendant has standing to challenge the constitutionality of this statute on vagueness or overbreadth grounds, *Carricarte v State*, 384 SO.2d 1261 (Fla. 1980); *Tribune Company v Huffstettler*, 489 So.2d 722 (Fla. 1986).

Statutes are presumed valid when properly enacted. Courts must vigorously apply this presumption when the constitutional validity of a statute is questioned. However, a statute must be reasonably definite and certain in its meaning. A statute is vague if persons of common intelligence must necessarily guess at its meaning. *Linville v State*, 359 So.2d 450 (Fla. 1978); *Cline v Fink Dairy Co.*, 274 U.S. 445 (1927).

In construing a *criminal* statute on a claim of vagueness, any doubt should be resolved in favor of the citizen and against the State. *State v Wershow*, 343 So.2d 605 (Fla. 1977). Moreover, when a statute impacts upon or impedes First Amendment freedoms it must be scrutinized carefully to insure that constitutional rights are not unduly implicated by virtue of its overbreadth or vagueness.

On its face, the statute in question would prevent the mere possession of a newspaper, driver's license, legal pleading, or other written document by anyone at the jail, including an attorney visiting a client, a physician treating a sick inmate or a judge conducting first appearance hearings. While the State unquestionably has a vital interest in the security of county detention facilities, that interest, when balanced against the prohibition of conduct protected by the First Amendment, is not so great that the mere possession of harmless written communications can be the basis of a criminal violation. The State in enacting an overbroad statute which outlaws *all* written communications has made wholly innocent conduct[3] the subject of criminal prosecution.

This statute as promulgated does not contain language sufficiently and reasonably definite to fairly apprise the citizens of the State of

---

[3] Indeed, since "written communication" has no definition in this statute, theoretically a person wearing a T-shirt with the slogan "Support Your Local Sheriff" or a tie with the obligatory label, advertising the tie vendor could be charged with a violation.

Florida as to what conduct is or is not prohibited.[4] Since a citizen of reasonable intelligence "must necessarily guess" as to which conduct is prohibited and which is permissible, this statute is unconstitutionally vague and violative of due process requirements of Article I, Section 9 of the *Florida Constitution* and the Fourteenth Amendment to the *United States Constitution.*

In considering the merits of Defendant's companion, overbreadth claim, this Court has carefully studied the Circuit Court's order in *State of Florida v Hardee,* Case No. 85-139 (Fla. 3d Cir. Ct. March 18, 1986) and the District Court's subsequent opinion in *State v Hardee,* 504 So.2d 33 (1st DCA 1987). *Hardee* involved the same penal statute and clearly more egregious conduct.[5]

The trial court found the statute unconstitutional on its face, unconstitutional as applied, and unconstitutional as an invalid delegation of legislative powers. The District Court reversed on the latter ground; affirmed on the unconstitutional application ground; and did not address the issue of the facial constitutionality of F. S. § 951.22. The analysis employed by the trial court in *Hardee* in finding this statute facially unconstitutional is equally appropriate to the instant case.

Although a statute concerning the regulation of articles possessed in or introduced into a jail facility "must be scrutinized in terms of those special needs" and functions of such a facility, the State still has a constitutional obligation to promulgate those statutes in a manner consistent with legitimate, public purposes. Such statutes should be drawn narrowly enough so they don't unreasonably and unnecessarily infringe upon constitutional freedoms and rights.

Moreover, the identical items (Defendant's Composite Exhibit No. 1) that formed the basis of the Defendant's charge in this case could have been sent to her by Inmate Madry via the U. S. Mail pursuant to Rule 33-8.009(4) F.A.C. promulgated by the Department of Corrections (DOC) pursuant to the authority granted in Florida Statute § 951.23(5). Not only would the receipt of these "written communications" have been *permissible,* this mail would have been *privileged* under the DOC rules, since it was being directed to the "news media." This tends to erode any State claim that a legitimate, public (penal) purpose is being served by a statute of this breadth. The statute is unnecessarily and unconstitutionally overbroad.

---

[4] *Wershow,* supra.

[5] The introduction of a large amount of cash into the Madison County Jail for the alleged purpose of bribing a jailer.

116

This Court rejects the Defendant's contention that the Information should be dismissed on the basis of selective enforcement or prosecution. Insufficient evidence was adduced to establish the dual requirements of this theory of defense.[6] Indeed, the argument that Inmate Madry and others possessed of contraband were not singled out for prosecution is unavailing. The evidence indicated that disciplinary procedures were invoked on inmate violators in lieu of a separate prosecution. Further, the contention that other news media representatives were not prosecuted for similar conduct was not established, as it was unclear whether any reporter other than Defendant Olson chose to by-pass the procedure established by the Leon County Sheriff's Department for media access to inmates.

Finally, Olson contends, in the alternative, that this statute was unconstitutionally applied to her in this case. She argues that there were no *written* procedures established at the Leon County Jail by which a news media representative could receive or possess permissible "written communications." She further contends that the Leon County Jail was not in compliance with DOC Rules 33-8.009(5)(a) and 33-8.013(1) and (2) which require the posting of "rules and regulations" governing the conduct of visitation and of inmates and visitors.

It is undisputed that the Leon County Jail had posted rules applying to the visitation of inmates. It is also undisputed that the Leon County Jail had no posted regulations governing the receipt or possession of "written communications" by a visitor to the Jail; and that the posted rules had not been updated since the promulgation of the DOC rules previously mentioned. However, it is unclear indeed that the mere posting of more detailed regulations at the Jail would have boot-strapped the statute in question to a viable vehicle for prosecution given its vagueness and overbreadth.

Thus, while the statute may be said to have been unconstitutionally applied in this case, such a finding necessarily and almost totally is grounded upon the finding that the statute is unconstitutional on its face. That is, even if the Leon County Sheriff's Department had posted a 10' x 14' sign containing a verbatim recitation of this statute, neither Ms. Olson nor any other visitor to the Jail could have been constitutionally prosecuted for its violation. This statute is unconstitutionally overbroad. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant, Karen E. Olson's, Motion to Dismiss the Information is granted on the basis that

---

[6] See *Wayte v United States,* 470 U.S. 598 (1985).

Florida Statute § 951.22 is unconstitutionally vague and overbroad on its face, and as applied to the facts of this case.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, this 7th day of June, 1989.