MICKLE, Judge.
Robert F. Birks, Jr., the appellant, appeals from a final judgment and sentence. As to the questions raised in Issue I, we affirm judgment and sentence. As to Issue II, we strike the civil restitution lien order based on its noncompliance with statutory requirements. Lund v. State, 658 So.2d 679 (Fla. 1st DCA 1995).
The appellant was charged with possession of marijuana (Count I), possession of paraphernalia (Count II), and possession of marijuana with intent to sell or deliver marijuana (Count III). He filed a motion to dismiss Count III on the ground that the state had not established the corpus delicti of the crime of possession of marijuana with intent to sell or deliver. The state filed a written response and traverse. Fla.R.Crim.P. 8.190. Depositions were admitted as the factual basis at the motion hearing. After the trial court denied the motion, the appellant entered a written plea of no contest to the charges, reserving the right to appeal the denial of his motion to dismiss. The appellant’s presumptive guidelines sentence was non-state prison. Adjudication was withheld, and the appellant was placed on two years’ probation, with conditions that he pay court costs, perform community service, and submit to urinalysis. The trial court entered a civil restitution lien of $5,000.00.
In Issue I, the appellant contends that the lower tribunal reversibly erred in denying his motion to dismiss Count III. We find the appellant’s argument to be without merit. To defeat the motion, the state had to offer evidence showing that the appellant had manufactured, sold, or delivered the marijuana or possessed it with such intent. At that stage of the proceedings, all facts and inferences therefrom were to be construed in the state’s favor. State v. Mattox, 441 So.2d 648 (Fla. 1st DCA 1988).
The appellant concedes that, as a general rule, questions of the defendant’s knowledge and intent to commit a crime are not cognizable in such a motion. State v. Fleming, 606 So.2d 1229 (Fla. 1st DCA 1992) (jury question was presented as to whether a box cutter possessed by a prison employee, who allegedly brought it from his other job in a grocery store, was a “weapon”); State v. Booker, 529 So.2d 1239 (Fla. 1st DCA 1988). The appellant argues, however, that the ease at bar constitutes an exception to the rule, in that the state faded to offer any valid evidence tending to prove that the appellant had the requisite intent. We disagree.
The lower court received testimony from three officers indicating that during a consensual search of the appellant’s room, they found marijuana, hemostats (medical clamps commonly used to hold marijuana cigarettes), “Torneo” scales (commonly used to weigh quarter bags or half bags of marijuana), and a marijuana smoking pipe. In the same room, they found what was characterized as an “owe sheet” or tally sheet, a piece of paper on which names and the dollar amounts $40.00 and $80.00 were written. An officer stated that these two figures are common street prices for ⅛ and ½ ounces of marijuana, respectively. Considered together, this evidence was sufficient to establish the corpus delicti and, thus, to withstand the motion to dismiss.
As to Issue II, the trial court entered a $5,000.00 civil restitution lien order pursuant to section 960.29, Florida Statutes (Supp.1994), et seq. The state concedes that the lien is defective for failure to meet the mandatory statutory requirements and that reversal is necessary on that basis. In accordance with Lund, 658 So.2d at 679, we strike the lien based on its noncompliance with the statutory requirements. In view of this disposition, we decline to reach the issues presented by the appellant relating to the interpretation of the statute and its constitutionality.
Judgment and sentence is AFFIRMED except for the striking of the civil restitution lien.
WEBSTER and LAWRENCE, JJ., concur.